# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v

JAMES LETKO,

    Defendant,

and

PROVIDENT BANK,

    Garnishee.

Case No.: 23-MC-51438
Hon. David M. Lawson

_____

## OBJECTION TO GARNISHEE ANSWER

The United States hereby objects to Provident Bank's Answer to Continuing Garnishment (*ECF No. 4*) on the basis that it does not comply with *28 U.S.C. § 3205(c)(4)*, as follows:

## BACKGROUND

On June 28, 2023, the United States District Court for the Eastern District of Michigan entered a judgment against James Letko that ordered him to pay a special assessment of $100.00 as well as criminal restitution in the amount of $21,732,950.81. *See United States of America v. James Letko*, Case No. 19-20652, at *ECF No. 303* at PageID. 4211. Following demand for repayment, the United States commenced the instant garnishment proceeding seeking to collect the

restitution debt by requesting a writ of garnishment (the "Writ") as to Letko's property held by garnishee Provident Bank ("Garnishee") on October 2, 2023. *ECF No. 1*. The Writ was executed by the Clerk on the same day. *ECF No. 3*.

On October 17, 2023, the United States provided proper notice to Letko, and served the Writ and an answer of garnishee form on Garnishee, as evidenced by a certificate of service filed on October 17, 2023. *ECF No. 2*. On November 12, 2023, Garnishee filed an answer (the "Answer") with the Court claiming that it "does not conduct business or maintain any physical presence in Michigan", and as such "…pursuant to *Fed. R. Civ. P. 69(a)* and *28 U.S.C. § 3205*, Provident Bank submits that the Writ of Garnishment is invalid and ineffective as to Provident Bank in New Jersey, and therefore Provident Bank cannot at this time disclose the existence or lack thereof of any responsive accounts that Mr. Letko may maintain with Providence Bank in New Jersey". *ECF No. 4*, at PageID.19.

## ANALYSIS

The Answer does not comply with *28 U.S.C. § 3205(c)(4)* because it provides no information about property it is holding that belongs to Letko. Garnishee's apparent jurisdictional argument is without merit because the Writ seeks to execute in favor of a debt owed to the United States which is entitled to nationwide execution under *28 U.S.C. § 2413*. As such, Garnishee should be ordered to answer the Writ in compliance with *§ 3205(c)(4)*.

The government may enforce a restitution order "'by all … available and reasonable means,' *18 U.S.C. § 3664(m)(1)(A)*, including 'in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law.'" *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008) (citing *18 U.S.C. § 3613(a)*). To that end, "a court may issue a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor." *28 U.S.C. § 3205*. The United States may garnish all property except that which is specifically exempt from a levy. *§ 3613(a)(1); 26 U.S.C. § 6334*; see also *United States v. Nash*, 175 F.3d 440, 443 (6th Cir. 1999) ("The provisions of *18 U.S.C. § 3613(a)* state that the United States may enforce a judgment imposing a fine, restitution, or assessment against the property of the person fined, with the exception of those exemptions found in *26 U.S.C. § 6334*.").

Following service of a writ, a garnishee "…[i]n its written answer to the writ of garnishment, shall state under oath—

- (A) whether the garnishee has custody or control or possession of such property;
- (B) a description of such property and the value of such interest;
- (C) a description of any previous garnishments to which such property is subject and the extent to which any remaining property is not exempt; and
- (D) the amount of the debt the garnishee anticipates owing to the judgment debtor in the future and whether the period for payment will be weekly or another specified period.

> The garnishee shall file the original answer with the court issuing the writ and serve a copy on the debtor and counsel for the United States. *28 U.S.C. § 3205(c)(4).*

Thereafter, "[w]ithin 20 days after receipt of the answer, the judgment debtor or the United States may file a written objection to the answer and request a hearing. The party objecting shall state the grounds for the objection and bear the burden of proving such grounds. A copy of the objection and request for a hearing shall be served on the garnishee and all other parties. The court shall hold a hearing within 10 days after the date the request is received by the court, or as soon thereafter as is practicable, and give notice of the hearing date to all the parties". *28 U.S.C § 3205(c)(5)*. Pursuant to local rule, the [c]ourt will hold a hearing on all…motions unless the judge orders submission and determination without hearing". *E.D. Mich. L.R. 7.1(f)(2).*

The Answer is objectionable because it does not provide any of the information required by § 3205(c)(4)(A)-(D), and instead claims that Garnishee is not subject to the Writ because it "does not conduct business or maintain any physical presence in Michigan". However, under *28 U.S.C. § 2413,* "[a] writ of execution on a judgment obtained for the use of the United States in any court thereof shall be issued from and made returnable to the court which rendered the judgment, but may be executed in any other State, in any Territory, or in the District of Columbia". *28 U.S.C. § 2413. See also Sec'y United States Dep't of*

*Labor v. Koresko*, 726 F. App'x 127, 134 (3d Cir. 2018); *see also United States v. King*, 2012 U.S.Dist. Lexis 45949, at *3 (E.D. Pa., Apr. 2, 2012); *see also SEC v. Brogdon*, 2020 U.S. Dist. LEXIS 258777, at *5 (D.N.J. Nov. 18, 2020). *§ 2413* is a "…recodification of the long-arm statute which permits the United States to secure nationwide execution of any judgment for use of the United States". *United States v. Palmer*, 609 F. Supp. 544, 547 (E.D. Tenn. 1985).

The United States properly obtained and served the Writ on the Garnishee. Garnishee has failed to properly answer the Writ under *28 U.S.C. § 3205(c)(4)* and is required by *28 U.S.C. § 2413* to comply despite its contention that it does not do business in the State of Michigan. Given that such an objection is so clearly erroneous under *§ 2413*, a hearing on the matter would be unavailing. Instead, an order compelling Garnishee to properly answer the Writ is necessary and warranted.

**WHEREFORE,** the United States respectfully requests that this Court enter an order compelling Garnishee to properly answer the Writ.

[*signature on next page*]

                                      Respectfully submitted,

                                      DAWN N. ISON
                                      United States Attorney

                                      <u>/s/ PETER F. SCHNEIDER</u>
                                      Assistant U.S. Attorney
                                      211 W. Fort St., Ste. 2001
                                      Detroit, Michigan 48226
                                      Phone: (313) 226-9762
                                      E-mail: peter.schneider@usdoj.gov
Date: December 4, 2023              Michigan Bar No.: (P75256)