UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v

JAMES LETKO,

    Defendant,

and

PROVIDENT BANK,

    Garnishee.

Case No.: 23-MC-51438
Hon. David M. Lawson

_____

## RESPONSE TO DEFENDANT'S OBJECTION TO GARNISHMENT[1]

Defendant James Letko ("Defendant")'s objection to garnishment should be denied as unnecessary, and the garnishment should be enforced because Defendant has not set forth a valid exemption from the garnishment, nor has he substantiated his claims of joint ownership of the subject property.

## BACKGROUND

On June 27, 2023, Defendant, having entered into a plea agreement, was found guilty of Conspiracy to Commit Health Care Fraud in the case of *United States v.*

---

[1] Defendant's Request for Hearing is essentially an objection and requests judgment on the merits as opposed to an actual hearing request. *ECF No. 7.*

*Letko et. al.*, Case No. 19-cr-20652 at *ECF No. 303*. Due to his active role in defrauding Medicare, the Defendant was sentenced to 66 months imprisonment, and was ordered to pay a special assessment of $100 and restitution of $21,732,950.81. *Id.*, at PageID. 4207, 4211. The Schedule of Payments required a lump sum of $100 to be paid immediately, and ordered Defendant to adhere to a payment plan to be set by the probation department. *Id*. But, the judgment continues, "[u]nless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is *due during imprisonment*". (*Id*. at PageID. 4212) (emphasis added). The judgment does not expressly state that payment is suspended during incarceration.

The language in the judgment tracks with the Defendant's plea agreement, which states expressly that "[t]he defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. *18 U.S.C. § 3612(c)* and *3613*". *See Id*. at *ECF No. 210*, Page ID. 1860. As such, on October 2, 2023, the United States commenced the instant proceeding to collect this restitution by requesting a writ (the "Writ") of garnishment as to the Defendant's property being held by Provident Bank ("Garnishee") *(ECF No. 1)*; the Writ was entered on the same day *(ECF No. 2)*.

On October 17, 2023. the United States sent the application for writ, notice of garnishment, and request for hearing form/notice of exemptions to the Defendant,

and the Writ to the Garnishee. *See ECF No. 3*. On November 20, 2023, Garnishee filed an answer to the garnishment (*ECF No. 4*) that the United States objected to on December 4, 2023. *ECF No. 5*. The substance of that objection was addressed by an amended answer filed by Garnishee on December 6, 2023. *ECF No. 8*. Pursuant to the amended answer, Garnishee disclosed that it held Defendant's property in the form of deposit account no. XXXXXX2039 with a balance as of $9,546.04 as of December 1, 2023[2]. It does not indicate that the property is held jointly. *ECF No. 8*, at PageID. 33.

On December 5, 2023, Defendant filed an objection to the Writ (the "Objection"). *ECF No. 7*. The basis for the Objection is that the funds in the account are joint property from tax refunds which are unrelated to the crime, and that garnishment of these funds would result in financial hardship. Since the Defendant is incarcerated, he is unable to attend a hearing, and thus requests a decision on the merits. *Id*.

## ARGUMENT

The Objection should be denied. The United States is entitled to pursue collections of restitution at this stage in the proceeding, and the Defendant has not presented a basis for relief from the Writ. Further, the Defendant has not provided

---

[2] The United States maintains that Provident Bank received and was subject to the Writ prior to this date.

any evidence that would rebut the Garnishee's attestation that the property subject to the Writ is titled solely in Defendant's name.

The attorney general, and as a result the United States Attorney's Office, is required by the Mandatory Victim Restitution Act ("MVRA") to enforce victim restitution orders "aggressively". *Id.*, *quoting United States vs. Phillips*, 303 F.3d 548, 550-51 (5th Circ., 2002). The MVRA permits the government to enforce a restitution order "'by all…available and reasonable means,' *18 U.S.C. § 3664(m)(1)(A),* and 'in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law'." *United States v. Miller,* 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008) (*citing 18 U.S.C. § 3613(a)*). This includes seeking "a writ of garnishment against property… in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor." 28 U.S.C. § 3205.

The United States may garnish all property except that which is specifically exempt from a levy. *§ 3613(a)(1)*; *26 U.S.C. § 6334*; see also *United States v. Nash*, 175 F.3d 440, 443 (6th Cir. 1999) ("The provisions of *18 U.S.C. § 3613(a)* state that the United States may enforce a judgment imposing a fine, restitution, or assessment against the property of the person fined, with the exception of those exemptions found in *26 U.S.C. § 6334.*"). This is irrespective of an initial payment schedule set by the court, as the United States may "…may seek a writ of garnishment requiring

payments on a schedule that exceeds that previously ordered by the district court". *Miller,* 588 F. Supp., at 796.

A judgment debtor who contests a writ of garnishment bears the burden of showing he or she is entitled to an exemption. *United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996). *Section § 3613* goes on to list the exemptions that apply to these actions, including "section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986." *18 U.S.C. § 3613(a)(1)*. A judgment debtor may request a hearing regarding a garnishment, but the issues at the hearing are limited to the validity of a claim of exemption and the government's compliance with statutory requirements. *28 U.S.C. § 3202(d)*. "Although [*§ 3202(d)*] states that the court 'shall hold a hearing' at the debtor's request, courts have denied a hearing where . . . the objection is plainly without merit, or where the objection was simply a matter of statutory exemption." *Miller*, 588 F. Supp. 2d at 797 (collecting cases). Financial hardship, or inability "…to afford the amount of the garnishment is not a permissible defense to raise under *28 U.S.C. § 3202(d)*". *United States v. Mahar,* 1994 U.S. App. LEXIS 33197, at *2 (6th Cir. Nov. 21, 1994) Under the Local Rules, "[t]he court will hold a hearing on all… motions unless the judge orders submission and determination without hearing". *E.D. Mich. L.R. 7.1(f)(2)*.

The United States' Writ is authorized under the MVRA and *28 U.S.C. § 3205* because it seeks to collect against Defendant's property being held by Garnishee,

which the Garnishee has identified. Defendant has not set forth any valid exemption or basis for relief from the Writ, and the United States has properly complied with procedural statutes. Although the Defendant claims that this garnishment would be a financial hardship, this is not a basis for relief. Likewise, the Defendant has provided no documentation which would support claimed joint ownership of the subject property.

## CONCLUSION

The Objection should be denied because the Defendant has not set forth a valid exemption from the Writ, nor a basis for relief in general.

**WHEREFORE**, the United States respectfully requests that this Court enter an order overruling Defendant's objection without a hearing, and ordering Garnishee to comply with the Writ.

Respectfully submitted,

DAWN N. ISON
United States Attorney

By:/s/*Peter F. Schneider*
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9100
E-mail: peter.schneider@usdoj.gov
MI Bar Number: P75256